UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDWARD BONTKOWSKI,

        Plaintiff,

v.                                      Case No. 5:04-cv-552-Oc-10GRJ

UNITED STATES OF AMERICA,

        Defendant.

_____

## ORDER GRANTING MOTION TO DISMISS

This case was initiated on December 9, 2004, by the filing of a civil rights complaint. Plaintiff is proceeding *pro se.* In the Complaint, Plaintiff seeks redress under the Federal Tort Claims Act[1] (FTCA) for damages arising "at the hands of an employee of the United States Department of Justice and a private citizen acting as a quasi-agent of the United States." Complaint at 1.

At the time this case was filed, Plaintiff paid the required filing fee and summonses were issued. On April 4, 2005, the Defendant filed a Motion to Dismiss (Doc. 9) asserting that (1) venue is improper in this Court, (2) the suit should be dismissed because the Court of Appeals has already determined that Plaintiff's claims are frivolous and time-barred, (3) the suit is barred by the statute of limitations, and (4) the complaint fails to state a claim under state law. The

---

[1] 28 U.S.C. § 2671, et seq.

Plaintiff filed a reply to the Defendant's motion on May 16, 2005. (Doc. 13.) Accordingly, this case is ripe for review.

### **The Complaint**

Plaintiff alleges that sometime in the latter part of 1995, Elena Bront and Brian Smith devised a plan to deprive Plaintiff of certain limited edition fine art prints valued in excess of $50,000. As a result, Plaintiff filed a police report with the Chicago Police Department against Ms. Bront for theft. However, Mr. Smith, a special agent of the Federal Bureau of Investigations (FBI), allegedly interceded on Ms. Bront's behalf causing the investigation of Ms. Bront to be dropped.

Shortly thereafter, Plaintiff alleges that Agent Smith and Ms. Bront conspired to deprive Plaintiff of his liberty by causing Plaintiff to be falsely arrested and to be maliciously prosecuted. Specifically, Plaintiff alleges that Ms. Bront filed false reports of criminal offenses being committed against her by the Plaintiff to the Arlington Heights Police Department. As a result, Plaintiff was arrested on September 12, 1996 and went to trial. Plaintiff was found not guilty of the charges.

Also on September 12, 1996, Plaintiff filed a theft report with the Chicago Police Department against Ms. Bront for fraudulently obtaining 45 art pieces from Plaintiff, valued in excess of $60,000. However, the investigation into that report was later dropped at the behest of Agent Smith. Plaintiff seeks damages in the

amount of $936,000 for the loss of property and for his false arrest and malicious prosecution.

## **The Defendant's Motion to Dismiss**

In the Motion, the Defendant provides the Court with the following procedural history.[2] On October 9, 1998, Plaintiff sued Agent Smith and Ms. Bront over the same conduct at issue in the instant case. See Bontkowski v. Smith, 2000 WL 1648938 (N.D.Ill. Nov. 1, 2000). In that case, the United States was substituted for Agent Smith and the case was dismissed for the failure to file an administrative claim. The claims against Ms. Bront were also dismissed at a later date. The dismissal of Plaintiff's case was upheld on appeal. Additionally, the Seventh Circuit Court of Appeals found Plaintiff's appeal frivolous and sanctioned Plaintiff for abusing the process of the District Court.

On August 28, 2002, Plaintiff filed a lawsuit in this Court alleging a vast conspiracy between Agent Smith, Ms. Bront, and numerous federal district and circuit court judges to violate Plaintiff's civil rights. See Bontkowski v. Castillo, 5:02-cv-259-Oc-10GRJ. Plaintiffs' complaint was dismissed as frivolous on September 16, 2002, and that decision was upheld on appeal.

---

[2] The Defendant also explains the relationships between the Plaintiff and Agent Smith and the Plaintiff and Elena Bront. On June 10, 1999, Plaintiff was convicted of mail fraud, wire fraud, and other charges related to a large advance fee scheme which defrauded numerous people out of large sums of money. On August 21, 2000, Plaintiff was sentenced to 108 months imprisonment and was ordered to pay restitution in the amount of $313,270. Agent Smith was the case investigator. In addition, Elena Bront is Plaintiff's ex-wife.

On January 14, 2004, Plaintiff submitted an administrative claim to the Chicago Division of the FBI requesting $936,000 in damages based on the conspiracy between Agent Smith and Ms. Bront. That claim was denied on March 15, 2005.

## Discussion

Based on the procedural history of this case, the Defendant raises four grounds for dismissal: (1) venue is improper in the Middle District of Florida; (2) based on the prior rulings of the Seventh Circuit and this Court, the Complaint should be dismissed as time-barred and frivolous; (3) the Complaint is time-barred; and, (4) the Complaint fails to state a claim under state law.

### Venue

A tort claim against the United States may be prosecuted "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). In this case, the facts giving rise to Plaintiff's claim occurred in the Northern District of Illinois. Plaintiff asserts that venue is proper in this court because at the time this case was filed, he was incarcerated at the Coleman Federal Correctional Complex within this District. However, a prisoner's place of incarceration is not his residence for purposes of venue.[3]

---

[3] Urban Industries, Inc. of Kentucky v. Thevis, 670 F.2d 981, 986 (11th Cir. 1982) (the Court found that prisoner retained his Georgia residence despite his confinement in Indiana); Ellingburg v. Connett, 457 F.2d 240, 241 (5th Cir. 1972) (for purposes of venue, one does not change is residence to the prison by virtue of being incarcerated there) (citation and quotation omitted).

In the Complaint, Plaintiff states that his place of domicile "was and still is, Broward County, Florida."  Complaint at 2.  Broward County is within the jurisdiction of the Southern District of Florida.  Accordingly, venue in this case would be appropriate in either the Southern District of Florida or the Northern District of Illinois.  Therefore, because venue is clearly not appropriate in the Middle District of Florida, this Court can either dismiss this case under Rule 12(b)(3) of the Federal Rules of Civil Procedure, or transfer this case to the proper venue pursuant to 28 U.S.C. § 1404(a).[4]

The Court with the most ties to this case would clearly be the Northern District of Illinois.  However, that Court has already found Petitioner's claims time-barred.[5]  Therefore, Plaintiff's claims are barred by the doctrine of res judicata and collateral estoppel[6] and transferring this case would clearly not be in the interests of justice.[7]

---

[4] Section 1404(a) states: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

[5] In Plaintiff's prior suit, he accused Agent Smith and Ms. Bront of conspiring to steal certain valuable works of art and to have him prosecuted on false charges.  See Bontkowski v. United States, 2003 WL 21281763 * 1 (N.D.Ill. June 3, 2003).  Specifically, Plaintiff alleged that Agent Smith instructed Elena Bront to make false statements to the Arlington Heights Police which resulted in Plaintiff's prosecution, and that Smith intervened on Bront's behalf with both the Arlington Heights and Chicago Police departments causing them to cease investigations of Plaintiff's theft complaints against Ms. Bront.  Id at * 2.  The Court found Plaintiff's claims time-barred as Plaintiff had admittedly failed to file an administrative claim with the United States.  Id at * 5.  Moreover, the time for doing so had passed and the subsequent filing of an administrative claim would not revive Plaintiff's claims.  Id citing 28 U.S.C. § 2401(b) (a claim under the FTCA must be filed with the appropriate federal agency within two years after it accrues).

[6] "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.  Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414(1980).

[7] "[R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Allen v. McCurray, 449 U.S. at 94.

## Conclusion

For these and other reasons argued by the Defendant in its Motion to Dismiss (Doc. 9), the motion is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment dismissing this case, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 25th day of October 2005.

_____
UNITED STATES DISTRICT JUDGE

c: Edward Bontkowski
  Counsel of Record